IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AARON CAVE,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:06cv14

AURTHOR PRITT, DONALD BILLER,
DONTIA FRANSICO, JEREMY BIGGS,
MAULER, RJACF, WYETTA FREDERICKS,
JOHN KING, TVRJ ADMINISTRATOR,
INMATE COORDINATOR, LT. MARTIN,
SGT. MICHAEL WAYNE, C.O. PHILLIPS,
POD ROVER, and ADUIT ROVER,

    Defendants.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DISMISSING WITHOUT PREJUDICE
<u>PLAINTIFF'S COMPLAINT</u>**

**I. INTRODUCTION**

On January 27, 2006, <u>pro</u> <u>se</u> plaintiff, Aaron Cave ("Cave"), filed his complaint, pursuant to 42 U.S.C. § 1983, seeking monetary damages for injuries he allegedly sustained when he was assaulted by five other inmates while being held at the Tygart Valley Regional Jail ("TVRJ").

This civil action was referred to Magistrate Judge John S. Kaull for initial screening pursuant to Local Standing Order No. 3. On April 13, 2006, the Magistrate Judge issued his Report and Recommendation, recommending that Cave's complaint be dismissed without prejudice because he failed to exhaust his administrative remedies prior to filing this lawsuit.

On April 19, 2006, Cave filed correspondence with the Court,

**CAVE v. PRITT, et al.**                                      1:06cv14

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
     RECOMMENDATION AND DISMISSING WITHOUT PREJUDICE
                    PLAINTIFF'S COMPLAINT**

objecting to the Magistrate Judge's report and recommendation and stating that he did not believe "filing a grievance would help" because he would have to file his grievance with the defendants he named in this lawsuit. He also states that the defendants could not provide relief through the grievance process without providing any additional explanation or factual support. Cave also requests "an extension on the 10 days in the case [that] the judge wants [him] to file [his] grievances." The Court has characterized Cave's April 19th correspondence as objections to the Magistrate Judge's Report and Recommendation because he expressly states that he objects to the judgment.

The Court has conducted a <u>de novo</u> review of the matters before it and **ADOPTS** the Magistrate Judge's recommendation that Cave's complaint be dismissed without prejudice because he has failed to exhaust his administrative remedies.

## II. ANALYSIS

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e(a), requires that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

CAVE v. PRITT, et al.                                    1:06cv14

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
      RECOMMENDATION AND DISMISSING WITHOUT PREJUDICE
                  PLAINTIFF'S COMPLAINT**
_____

If the record does not demonstrate on its face that the prisoner exhausted such remedies, the prisoner's complaint must be dismissed. Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998). A district court must enforce this requirement sua sponte if it is not raised by the defendant. Id. The United States Supreme Court has determined that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516 (2002). Exhaustion is also required when the relief the prisoner seeks is unavailable. Booth v. Churner, 532 U.S. 731, 741 (2001).

In this case, there is no dispute that Cave failed to exhaust the administrative remedial procedures before filing his Complaint.[1] In his objection, Cave appears to be arguing that his failure to exhaust should not bar the Court's review because exhaustion would be futile. However, "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." Higginbottom v. Carter,

_____
[1] On page 2 of his Complaint, Cave indicates that he did not present the facts relating to his complaint in the state prisoner grievance procedure and that he did not file a grievance because he would have not received relief.

3

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
     RECOMMENDATION AND DISMISSING WITHOUT PREJUDICE
                    PLAINTIFF'S COMPLAINT**

223 F.3d 1259, 1261 (11th Cir. 2000)(citing Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998). Here, Cave has asserted nothing more than a belief that the administrative process would be futile because he has failed to file his initial grievance.

Cave also misinterprets the Magistrate Judge's Report and Recommendation as providing him with 10 days in which to file his administrative grievance, and, therefore, requests additional time in which to file his grievance. The Magistrate Judge informed Cave that he had 10 days in which to file objections to the findings and recommendations, which Cave timely filed on April 19, 2006. Magistrate Judge Kaull plainly stated that, because Cave has not properly completed a single level of the West Virginia Regional Jail Authority's administrative remedy process, "he has no chance of success at this time." Therefore, the Magistrate Judge properly recommended that Cave's complaint be dismissed without prejudice.

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander, 159 F.3d at 1325, see also Booth v. Churner, 532 U.S. at 741. Section 1997e(a) does not state that exhaustion of administrative remedies is required before a case may be decided,

CAVE v. PRITT, et al.                                          1:06cv14

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
    RECOMMENDATION AND DISMISSING WITHOUT PREJUDICE
                  PLAINTIFF'S COMPLAINT**

but rather states that exhaustion of remedies is required before a case may be brought by the plaintiff. 42 U.S.C. §1997e(a); Porter v. Nussle, 534 U.S. at 524-25. Congress could have written a statute making exhaustion of administrative remedies a prerequisite to judgment, but it made exhaustion a prerequisite to filing of a lawsuit. Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534-35 (7th Cir. 1999). Therefore, a plaintiff must exhaust his administrative remedies prior to filing a lawsuit, and the Court is not required to provide the plaintiff with additional time while the lawsuit is pending in which to exhaust his remedies. Booth v. Churner, 532 U.S. at 741; Porter v. Nussle, 534 U.S. at 524-25; Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004).

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES WITHOUT PREJUDICE** Cave's complaint because he failed to exhaust his administrative remedies prior to filing this lawsuit.

It is so **ORDERED**.

DATED: April 25, 2006.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE